IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John M. Cobin, ) | |
| ) | Civil Action No. 6:04-2455-HFF-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND** |
| United States of America and ) | **REPORT OF MAGISTRATE JUDGE** |
| Mark W. Everson, Commissioner ) | |
| of Internal Revenue, ) | |
| ) | |
| Defendants. ) | |

        This matter is before the court on motion of defendant United States of America ("defendant" or "USA") to dismiss for failure to state a claim or, in the alternative, for summary judgment. In his complaint, the plaintiff, who is proceeding *pro se*, challenges two Notices of Determination issued by the Internal Revenue Service's ("IRS") Office of Appeals.

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

        On September 21, 2004, the defendant filed a motion to dismiss for lack of jurisdiction the plaintiff's cause of action challenging the Notice of Deficiency issued as to his 1991 and 1992 income tax liabilities. By order filed September 21, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 4, 2004, the plaintiff filed a response to the motion to dismiss, and on October 12, 2004, the defendant filed a reply brief. On January 7, 2005,

this court recommended that the defendant's motion for partial dismissal be granted.  That motion is pending before the Honorable Henry F. Floyd, United States District Judge.

On January 18, 2005, the defendant filed a motion to dismiss or, in the alternative, motion for summary judgment with regard to the plaintiff's claim in which he seeks judicial review of an IRS administrative decision involving a frivolous return penalty assessed against him.  By order filed January 19, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On February 9, 2005, the plaintiff filed a response to the motion to dismiss, and on February 14, 2004, the plaintiff filed a "Notice of Underlying Legal Basis," also in response to the motion to dismiss.  The defendant filed a reply brief on February 22, 2005.

## FACTS PRESENTED

The plaintiff filed a tax return for the years 1991 and 1992 using a Form 1040NR, which is designed to be used by nonresident aliens.  The plaintiff asserted that he did not receive income that was effectively connected with the conduct of a trade or business within the political jurisdiction of the United States (Mary Green decl., ex. 9, 19, 22).  The plaintiff also mailed the IRS a Form 843 Claim for Refund and Request for Abatement for the years 1991 and 1992 in which he claimed he was entitled to a refund of his FICA taxes.  By an attachment to the Form 843, the plaintiff sought to revoke his election under 26 U.S.C. §871(d) because his "body is included in the 'real property' mentioned in 26 U.S.C. 871(d)" and he has "an *unalienable* right" to his body (*id.*, ex. 22). The IRS denied the claim for refund (*id.*, ex. 10).

On March 31, 1994, the IRS issued a Statutory Notice of Deficiency, determining that the plaintiff underpaid his tax by $33,519 and $61,440 for the years 1991

2

and 1992, respectively[1] (*id.*, ex. 11). The IRS also determined that the plaintiff filed frivolous tax returns. The IRS assessed a $500 frivolous return penalty against the plaintiff for each year. Only the 1992 assessment is at issue in this lawsuit (comp., ex. A-1; Green decl. ¶1, ex. 14).

On November 21, 2003, the IRS sent the plaintiff a Final Notice of Intent to Levy with respect to these liabilities (Green decl., ex. 54). In response, on December 11, 2003, the plaintiff demanded a collection due process hearing, and he attached a letter listing his reasons for requesting the hearing (*id.*, ex. 52, 53). He stated that he did not receive the Statutory Notice of Deficiency or the Notice and Demand letter. He also claimed that the collection actions were inappropriate as he had little income for tax years 1991 and 1992. He further stated that "[e]ven aside from any penalties charged, the amount assessed would far exceed all of the income I had earned in my lifetime through 1992. Thus, the assessment appears purely punitive, without merit, and is thus inappropriate." The plaintiff requested a face-to-face hearing in California in which he intended to call witnesses and tape record the hearing (*id.*, ex. 53). In a subsequent letter dated December 22, 2003, the plaintiff demanded the right to a hearing at the venue of his choosing and again set forth his reasons for challenging the Notice of Intent to Levy (*id.*, ex. 38).

On May 19, 2004, Settlement Officer Mary Green scheduled a correspondence hearing to be held on June 9, 2004 in Columbia, South Carolina (*id.* ¶¶ 2, 3, ex. 1). Green noted in the letter that the plaintiff had raised in previous correspondence issues that federal courts had determined were frivolous or groundless. Green advised the plaintiff of the following:

---

[1] These income tax liabilities were the subject of the Notice of Determination attached as Exhibit A-2 to the plaintiff's complaint. This court has previously recommended that the cause of action with regard to this notice be dismissed for lack of jurisdiction.

> Please be advised that the Appeals Office will not consider arguments based on moral, religious, political, constitutional, conscientious, or grounds (sic).
>
> If you wish to have a face-to-face hearing, you must be prepared to discuss issues relevant to paying your tax liability, such as offering to pay your taxes by an installation agreement or offer in compromise. If you wish to have a face-to-face hearing, please submit to me by June 2, 2004
>
> > 1. the specific collection alternatives you are proposing, and
> >
> > 2. A completed and signed Collection Information Statement (with all requested attachments) that I have enclosed.

(Green decl., ex. 1). Green also advised the plaintiff that he would be required to file his income tax returns for 1993 through 2003 before the IRS could consider a collection alternative because the IRS does not consider collection alternatives unless the taxpayer is in compliance with return filing requirements. *Id.*

On May 24, 2004, pursuant to the Freedom of Information Act ("FOIA"), the plaintiff wrote the IRS and requested the documents in his file. The plaintiff sent a letter to Green dated May 26, 2004. In that letter, the plaintiff argued that "[t]he proposed hearing was (and is) *not* for you to hear a response from me about your allegations, but rather for us to hear you explain why you have made these false accusations and taken these wrongful actions against me." The plaintiff also requested that any face-to-face meeting be postponed until he received the FOIA documents he had requested (Green decl., ex. 2). He did not file his 1993 through 2003 tax returns prior to the correspondence hearing (Green decl., ex. 5, 6). According to Green, she received no further information prior to the scheduled correspondence hearing. Green testified in her affidavit that on June 9, 2004, after reviewing the contents of the collection due process administrative record, she made the determination under Sections 6320 and 6330 of the Internal Revenue Code to let the collection action proceed (Green decl. ¶¶ 6, 7). By letter dated June 23, 2004, the plaintiff

was notified by the IRS that it could not locate and consider releasing the documents he had requested under FOIA within the time period prescribed by law, so the response date was extended to July 30, 2004. The letter also notified the plaintiff that if he disagreed with the extension he could file an action in federal court (comp., ex. D).

On July 8, 2004, the Notices of Determination that are the subject of this lawsuit were issued. The notice regarding the frivolous return penalty assessed against the plaintiff (comp., ex. A1) stated:

- All administrative, procedural, and statutory requirements were followed incident to filing the Notice of Federal Tax Lien and issuing the Notice of Intent to Levy.

- You failed to challenge successfully the liability that is already established and failed to establish the liability you believe to be correct.

- You failed to propose a viable collection alternative.

- Absent a viable collection alternative or a demonstration that the liability is now owed, the filed lien and proposed levy balance the need for efficient tax collection, notwithstanding your concern that such actions are more intrusive than necessary.

(Comp., ex. A1 at 2). The attachment to the notice also noted that the plaintiff did not qualify for a collection alternative as his tax returns for tax years 1993 through 2003 remained unfiled.

On July 23, 2004, the plaintiff filed a complaint challenging the Notices of Determination. As noted above, this court has already recommended that the plaintiff's challenge of the Notice of Deficiency issued as to his 1991 and 1992 income tax liabilities be dismissed for lack of subject matter jurisdiction (comp., ex. A2). The issue now presented to this court concerns the notice issued with respect to the frivolous return penalty (comp., ex. A1). The defendant argues that the claim fails to state a claim upon which relief can be granted. Specifically, the court must determine whether it was

5

appropriate for the IRS Office of Appeals to decide the plaintiff's "collection due process" request without granting him a face-to-face hearing. The plaintiff alleges that if he had been given an opportunity to have a face-to-face hearing, he would have raised a collection alternative and would have challenged the underlying tax and penalty (comp. ¶¶ 6, 18).

## ANALYSIS

The IRS may collect unpaid taxes by seizing property belonging to a taxpayer. This is generally done by the IRS when it serves a levy on third parties, such as banks, that hold property belonging to the taxpayer. 26 U.S.C. §6331. Before the IRS can issue a levy, however, it must serve on the taxpayer a final Notice of Intent to Levy. 26 U.S.C. §§6330(a), 6331(d). A taxpayer receiving a final notice has the right to request a collection due process ("CDP") hearing within 30 days after the date of the notice, and during the time the hearing is pending, the IRS is prevented from going forward with any levy unless collection of the tax is in jeopardy. Section 6330 of the Internal Revenue Code provides in pertinent part:

> SUBCHAPTER D – SEIZURE OF PROPERTY FOR COLLECTION OF TAXES
> PART I. DUE PROCESS FOR COLLECTIONS
> § 6330.  Notice and opportunity for hearing before levy
> (a) Requirement of notice before levy.--
>     (1)  In general.--No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. Such notice shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates.
> ***
> (b)  Right to fair hearing.--
>     (1)  In general.--If the person requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals.
> ***
> (c) Matters considered at hearing.--In the case of any hearing conducted under this section–

> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
> (2) Issues at hearing.--
>> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>>> (i) appropriate spousal defenses;
>>> (ii) challenges to the appropriateness of collection actions; and
>>> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.
> (3) Basis for the determination.--The determination by an appeals officer under this subsection shall take into consideration--
>> (A) the verification presented under paragraph (1);
>> (B) the issues raised under paragraph (2); and
>> (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.
> (4) Certain issues precluded.--An issue may not be raised at the hearing if--
>
>> (A) the issue was raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding; and
>> (B) the person seeking to raise the issue participated meaningfully in such hearing or proceeding.
> . . .

26 U.S.C. § 6330.

Under the applicable regulations, a CDP hearing need not consist of a face-to-face meeting, as follows:

> Q-D6. How are CDP hearings conducted?
>
> A-D6. The formal hearing procedures required under the Administrative Procedure Act, 5 U.S.C. 551 et seq., do not apply to CDP hearings. CDP hearings are much like Collection Appeal Program (CAP) hearings in that they are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting. A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof. A transcript or recording of any face-to-face meeting or conversation between an Appeals officer or employee and the taxpayer or the taxpayer's representative is not required. The taxpayer or the taxpayer's representative does not have the right to subpoena and examine witnesses at a CDP hearing.

26 C.F.R. §301.6330-1(d)(1) Q&A D6. The Associate Chief Counsel of the IRS has issued a formal notice providing guidance concerning when the IRS Office of Appeals will offer a face-to-face CDP conference (def. m.s.j. 8-9, attach. A). The notice explains that the regulations stating a taxpayer will be given a face-to-face meeting if he requests one "are premised on the understanding that the taxpayer will have relevant matters to discuss at the face-to-face conference." The notice further states:

> A face-to-face conference serves no useful purpose if the taxpayer has no intention of discussing relevant issues, or if the taxpayer wishes to use the conference as a forum to espouse only frivolous and groundless arguments. Examples of frivolous and groundless arguments are provided in "The Truth About Frivolous Tax Arguments," which may be found on the IRS internet website at www.irs.gov. This is not, however, an exclusive list of frivolous and groundless arguments.
>     Accordingly, in cases where the CDP hearing request raises only frivolous and groundless arguments, Appeals will contact the taxpayer to ask the taxpayer to state what relevant issues the taxpayer would like to address at the hearing. If the taxpayer fails to respond or responds only with additional frivolous and groundless arguments, the taxpayer will not be

8

> offered a face-to-face conference. The taxpayer will instead be provided a CDP hearing through telephone conferences, written correspondence, or some combination thereof. If the taxpayer responds with specificity that the issues to be discussed are valid collection alternatives or other nonfrivolous issues pertaining to the lien or levy, then a face-to-face conference will be offered to the taxpayer. If a face-to-face conference is offered and the taxpayer asks to record the face-to-face conference, an audio recording fo the face-to-face conference will be permitted in accordance with section 7521. *See Keen v. Commissioner*, 121 T.C. No. 2 (2003) (under section 7521 a taxpayer must be permitted to make an audio record of a section 6330 hearing).

(Def. m.s.j., attach. A).

The defendant argues that the issues raised by the plaintiff in his correspondence with the IRS, along with his failure to provide the requested documents and information, indicate that the plaintiff did not intend to raise any relevant or nonfrivolous issues at his CDP hearing. This court agrees. In his request for a CDP hearing, the plaintiff first stated that he disagreed with the Notice of Intent to Levy because he did not receive a Notice of Deficiency or Notice of Demand letter (Green decl., ex. 52, 53). This argument is listed in "The Truth About Frivolous Tax Arguments" as an example of a frivolous argument in the CDP context. Under Section 6303 and Treasury Regulation 301.6303-1(a), all that is required is that the IRS mail the notice to the taxpayer's last known address. According to the defendant, Green verified that the plaintiff had received notice and demand for payment, and she provided the plaintiff with a copy of the computer transcript verifying such along with the May 19, 2004 letter to him (Green decl., ex. 1).

The plaintiff also argued that the collection action was inappropriate because he did not owe the penalty. However, the plaintiff's position that he is a nonresident alien and is not required to report his annual income on an income tax return is clearly frivolous, and nothing in his submissions to the IRS refute the defendant's proposition that the return was frivolous.

Lastly, the plaintiff argued that the collection action was inappropriate because he has six dependent children and little income. However, he did not comply with Settlement Officer Green's request to provide specific documents relating to his financial situation (Green decl., ex. 1, 6). Furthermore, Green advised the plaintiff that the IRS could not consider a collection alternative unless he filed his income tax returns for tax years 1993 through 2003, which the plaintiff had failed to do at the time of his CDP correspondence hearing.

In a similar case, *Tinnerman v. IRS*, No. 3:04-CV-1082-J-99MMH, 2005 WL 1332314 (M.D. Fla. May 10, 2005), the district court considered a taxpayer's claim that he was entitled to and denied a face-to-face CDP hearing. The court held that "[i]t is clearly settled and consistent with the informal nature of the hearings that, as a matter of law, a taxpayer has no intrinsic right to a face-to-face CDP hearing under I.R.C. §6330." *Id.* at *3.

In *Quigley v. U.S.*, 358 F.Supp.2d 427 (E.D. Penn. 2004), the district court considered a taxpayer's claim that the IRS appeals officer did not fulfill his right to a CDP hearing. As in the case at hand, the IRS maintained that the taxpayer never raised issues relevant to the proposed levy. Rather, he made frivolous constitutional arguments attempting to circumvent the tax system. Further, he remained ineligible for an alternative to the proposed levy because he had not complied with his duty to file tax returns. *Id.* at 431. The court found that the taxpayer was offered a face-to-face hearing on the condition that he be prepared to discuss issues relevant to paying the tax liability. The taxpayer failed to provide the paperwork as requested, and thus the appeals officer proceeded to review the case file and correspondence and approved the levy. The court held that the taxpayer "received a fair hearing from an impartial appeals officer, and the levy will stand." *Id.* at 431-32. *See also Tilley v. U.S.*, 270 F.Supp.2d 731 (M.D. N.C. 2003) (citing *Lunsford v. Commissioner*, 117 T.C. 159, 170-74, 2001 WL 1521578 (2001) (Halpern J., concurring)) ("Neither the Internal Revenue Code nor the Constitution requires a person-to-person

hearing before a levy determination is made, and even a hearing by correspondence is sufficient to satisfy due process.").

## **CONCLUSION**

Based upon the foregoing, this court recommends that the defendant's motion for summary judgment[2] be granted. The defendant has also filed a motion to stay discovery pending disposition of its motions to dismiss. The motion to stay is granted. *See Tilley*, 270 F.Supp.2d at 734-35. Further, the plaintiff has filed a motion to compel discovery. That motion should be held in abeyance pending the district court's resolution of the dispositive motions. Should the dispositive motion be granted, the plaintiff's motion to compel will be rendered moot.

IT IS SO RECOMMENDED AND SO ORDERED.


s/Bruce H. Hendricks
United States Magistrate Judge

June 22, 2005

Greenville, South Carolina

---

[2] As matters outside the pleadings have been considered, the motion to dismiss will be treated as one for summary judgment. Fed.R.Civ.P. 12(b)(6).

11