

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JOHN M. COBIN, individually, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:04-2455-HFF-BHH |
| § | |
| UNITED STATES OF AMERICA and § | |
| MARK W. EVERSON, Commissioner of § | |
| Internal Revenue, § | |
| § | |
| Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE, GRANTING DEFENDANT'S MOTION TO DISMISS AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I.     INTRODUCTION**

This is a Internal Revenue Code action. Plaintiff is proceeding *pro se.* The matter is before the Court for review of two separate Report and Recommendations (report) of the United States Magistrate Judge, in which she suggests that the Court grant Defendant's motion to dismiss the Plaintiff's challenges to his 1991 and 1992 income tax liabilities for lack of subject-matter jurisdiction and grant the Defendant's motion for summary judgment with regards to the remaining liability.[1] The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

---

[1] Although Mark Everson appears in the caption as a defendant, Plaintiff has asserted no cause of action against him. Thus, the only proper defendant in this action is the United States.

**II.    REPORT AND RECOMMENDATION[2]**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed her first report on January 7, 2005, in which she recommended granting Defendant's motion to dismiss Plaintiff's challenge of the Notice of Deficiency issued as to his 1991 and 1992 income tax liabilities. Plaintiff timely filed his objections on January 13, 2005.

The Magistrate Judge filed her second report on June 22, 2005. In the second report, the Magistrate Judge recommended granting Defendant's motion for summary judgment as to Plaintiff's remaining claims. Plaintiff timely filed his objections on July 1, 2005. The Court will address each objection in turn.

**III.    PLAINTIFF'S OBJECTIONS**

   *A.    Report and Recommendation filed January 7, 2005*

      1.    Magistrate Judge's Jurisdiction

Plaintiff asserts that the Magistrate Judge has no jurisdiction over this matter because Defendant declined the "magistrate judge option" when it was offered. (Pl. Objection at 1.) Although consent of the parties is necessary for a Magistrate Judge to conduct all proceedings and

---

[2]In her reports, the Magistrate Judge sets forth the relevant facts. Thus, they will not be repeated herein.

enter a final judgment in a case, 28 U.S.C. § 636(c)(1); Local Civil Rule 73.02(B)(1) (DSC), the Magistrate Judge in this case did not grant Defendant's motion to dismiss but instead recommends to this Court that the motion be granted.  In cases with *pro se* litigants, a Magistrate Judge conducts an initial review of any dispositive motions filed.  28 U.S.C. § 636(b); Local Civil Rule 73.02(B)(2)(e).  As stated above, the recommendation of the Magistrate Judge has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270 (1976).  Accordingly, the Magistrate Judge's participation in this case is proper.

### 2. This Court's Jurisdiction

Plaintiff argues that this Court has jurisdiction over his tax liability claims based on the statutory provisions enacted by Congress.  The Internal Revenue Code provides the following avenues of appeal after a decision is made by the IRS:

> The person may, within 30 days of a determination under this section, appeal such determination –
> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

26 U.S.C. § 6330(d)(1)(A) (2005).

According to the Code of Federal Regulations, all matters regarding income taxes are within the jurisdiction of the Tax Court.  26 C.F.R. § 601.102(a)(1)(I) (2005).  The Fourth Circuit Court of Appeals recently upheld a decision holding that the jurisdiction granted to the Tax Court pursuant to § 6330(d)(1)(A) is exclusive.  *Brown v. Doran*, No. 04-1473, 2004 WL 2666466 (4th Cir. 2004) (per curium); *see Brown v. Doran*, No. CA-02-1019-1 (M.D.N.C. Dec. 3, 2003 & Feb. 13, 2004).

It necessarily follows then, that the Tax Court has exclusive jurisdiction over income tax matters. Thus, Plaintiff's challenge to the notice issued with respect to his 1991 and 1992 income tax liabilities is improperly before this Court. Accordingly, Defendant's motion to dismiss as to these liabilities must be granted.

    B.    *Report and Recommendation Filed June 22, 2005*

        1.    Face-to-Face Meeting

Plaintiff insists that he is entitled to a face-to-face hearing to challenge the tax penalty assessed against him. Section 6330 of the Internal Revenue Code provides in relevant part:

> (b) Right to fair hearing.
>> (1) In general. If the person requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals.
>> (2) One hearing per period. A person shall be entitled to only one hearing under this section with respect to the taxable period to which the unpaid tax specified in subsection (a)(3)(A) relates.
>> (3) Impartial officer. The hearing under this subsection shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax specified in subsection (a)(3)(A) before the first hearing under this section or section 6320. A taxpayer may waive the requirement of this paragraph.
>
> (c) Matters considered at hearing. In the case of any hearing conducted under this section--
>> (1) Requirement of investigation. The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>> (2) Issues at hearing.
>>> (A) In general. The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>>>> (i) appropriate spousal defenses;
>>>> (ii) challenges to the appropriateness of collection actions; and
>>>> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

> (B) Underlying liability. The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

26 U.S.C. § 6330 (2005). Nowhere does the Internal Revenue Code mandate that hearings be face-to-face. Moreover, the Code of Federal Regulations provides the following clarification for the hearing process:

> CDP hearings are much like Collection Appeal Program (CAP) hearings in that they are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting . . . . A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof. A transcript or recording of any face-to-face meeting or conversation between an Appeals officer or employee and the taxpayer or the taxpayer's representative is not required.

26 C.F.R. § 301.6330-1(d)(A-D6) (2005). The absence of specific language requiring a face-to-face meeting in the Internal Revenue Code and the Federal Regulations' unambiguous rejection of a face-to-face meeting requirement leads this Court to conclude that Defendant's actions were proper.

        2.      Receipt of Notice of Deficiency

Plaintiff also argues that Defendant failed to mail him the Notice of Deficiency letter, and, thus, he should be allowed a face-to-face hearing pursuant to 26 U.S.C. § 6330(c)(2)(B). However, because Mary Green, an IRS agent, verified that the notice was sent to Plaintiff's last known address, such an argument is frivolous and does not merit a face-to-face hearing. *See* 26 U.S.C. § 6303; 26 C.F.R. § 301.6303-1(a).

      3.      Supplemental Objections

Plaintiff filed a supplemental objection to the Magistrate Judge's report on July 13, 2005. In this objection Plaintiff raises the recent holding in *Schulz v. Internal Revenue Serv.,* 2005 U.S. App. LEXIS 12906 (2nd Cir. June 29, 2005). *Schulz* involves the investigation of a taxpayer rather than a face-to-face due process hearing. Thus, *Schulz* is inapplicable to the present case.

**IV.**      **CONCLUSION**

After a thorough review of the reports and the record in this case pursuant to the standards set forth above, the Court adopts the report to extent that they do not contradict this order. Accordingly, it is the judgment of this Court that Defendant's motion to dismiss Plaintiff's complaint with regards to his income tax liability be **GRANTED**. Furthermore, it is the judgment of this Court that Defendant's motion for summary judgment with regards to the frivolous tax return penalty be **GRANTED**. Accordingly, this case must be **DISMISSED**.

      **IT IS SO ORDERED**.

Signed this 29th day of July, 2005, in Spartanburg, South Carolina.


                                                        s/ Henry F. Floyd  
                                                         HENRY F. FLOYD  
                                                         UNITED STATES DISTRICT JUDGE


                                                    *****

                                      **NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within **sixty (60)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

Plaintiff is further notified that he has the right to file an appeal of the IRS determination to the correct court within **thirty (30)** days from the date hereof, pursuant to 26 U.S.C. § 6330(d).